BROWN v. EDGEWATER PARK, INC.
SMITH v. SAME.

1. THEATERS AND SHOWS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—
AMUSEMENT PARK—PASSENGER ON SPINAROO.

Evidence presented in actions to obtain damages for injury to
amusement park Spinaroo ride passenger *held,* sufficient to
present questions of negligence of defendants, owner and oper-
ator, and of contributory negligence of plaintiff passenger for
jury and to support jury's findings in favor of plaintiff, hence,
it was not error to deny defendants' motions for directed ver-
dict and for new trial.

2. TRIAL—INSTRUCTIONS.

Failure to give an instruction would not be reversible error when
there is no showing that such instruction was not urged upon
trial court.

3. NEGLIGENCE—ASSUMPTION OF RISK—KNOWLEDGE OF DANGER.

It is a prime requisite to the right to an instruction on the as-
sumption of risk that the person claimed to have assumed the
risk knew of the existence of a danger or risk being assumed
or appreciated its nature or extent.

4. THEATERS AND SHOWS—SPINAROO RIDE—ASSUMPTION OF RISK—
BURDEN OF PROOF.

Burden of proof that plaintiff had assumed risk of injury by
becoming a passenger on defendants' amusement park Spinaroo
ride was upon defendants.

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Amusements and Exhibitions § 101 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error § 891 *et seq.*
[3, 5] 4 Am Jur 2d, Amusements and Exhibitions §§ 96, 99.
[4] 4 Am Jur 2d, Amusements and Exhibitions § 103.

5. SAME—AMUSEMENT PARK RIDE—INSTRUCTION—ASSUMPTION OF
   RISK.
   > Amusement park owner and operator, sued for injuries to
   > a passenger on one of their rides, would not be entitled to in-
   > struction that plaintiff had assumed risk of injury on the ride
   > in the absence of evidence that there had been an express con-
   > tractual assumption of risk.

Appeal from Wayne; Bohn (Theodore), J. Submitted June 4, 1964. (Calendar Nos. 27, 28, Docket Nos. 50,674, 50,675.) Decided March 1, 1965.

Declarations by Amy Louise Smith Brown and Verne A. Smith against Edgewater Park, Inc., a Michigan corporation, and Harry Stahl and Bernice Stahl, doing business as Harry Stahl Enterprises, individually and jointly, for injuries arising from the negligent operation of an amusement park ride. Verdicts and judgments for plaintiffs. Defendants appeal. Affirmed.

*Francis J. McDonald* and *Eugene J. Fisher,* for plaintiffs.

*Vandeveer, Haggerty, Doelle, Garzia, Tonkin & Kerr* (*Edward P. Echlin,* of counsel), for defendants.

DETHMERS, J. Plaintiffs are father and daughter, respectively. They sued, individually, for damages to each of them resulting from personal injuries sustained by the daughter, hereinafter called the plaintiff. From judgments for plaintiffs entered on jury verdict and denial of defendants' motions for new trial, the latter appeal.

Plaintiff was injured while a passenger in an amusement device known as the "Spinaroo", owned and operated for hire by defendants. The device

spins around. While plaintiff was a passenger her head struck a pole several times. There is some dispute with respect to construction, condition and manner of operation of the device, as well as to plaintiff's position and conduct in it and just how the injury came to be inflicted upon her.

Defendants say that the court erred in denying their motions for directed verdict, first at the close of plaintiff's proofs and then at the close of all proofs and, thereafter, for a new trial. Error is also assigned on the court's failure to give defendants' requested instruction as to the doctrine of plaintiff's assumption of risk.

There was testimony in the case with respect to the condition of the device and its maintenance and operation by defendants, for jury consideration as to truth or falsity, which, if accepted as true by it, was adequate to support a finding of negligence on defendants' part which was a proximate cause of plaintiff's injury, and a further finding that guilt of contributory negligence on plaintiff's part had not been established. There is no need of detailing the testimony or setting forth the particulars about the device and how plaintiff's injury came about. Suffice it to say that there were proofs enough to go to the jury and that it found defendants guilty of negligence which was a proximate cause of plaintiff's injury and did not find plaintiff guilty of contributory negligence. No error occurred in denial of defendants' motions for directed verdict. The ground asserted for right to new trial is that the court previously had erred in not granting a directed verdict. We hold that it did not err therein.

As for the doctrine of assumed risk, an examination of colloquy between court and counsel leaves it doubtful that defendants actually urged such an instruction upon the court. Be that as it may, there

is no showing that plaintiff knew of the existence of a danger or risk that she was assuming or appreciated its nature and extent. This was a prime requisite to the right to an instruction thereon. The burden of proof in that respect was on defendants. Thus, under previous Michigan cases approving such instruction, an essential thereto was not met by defendants here. Furthermore, under the reasoning and decision in the opinion of Mr. Justice SOURIS, this day handed down in *Felgner* v. *Anderson,* 375 Mich 23, such instruction could not hereafter be given in a case such as this absent evidence upon which could be predicated a finding of an express contractual assumption of risk.

Affirmed. Costs to plaintiff.

KAVANAGH, C. J., and BLACK, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred with DETHMERS, J.

KELLY, J., concurred in result.